IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUDOUN COUNTY PUBLIC SCHOOLS, )<br>)<br>Defendant. ) | Civil Action No. 1:16-cv-01604 |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

COMES NOW the defendant Loudoun County Public Schools ("LCPS"), by counsel, and, in support of its Motion to Dismiss the Complaint, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

I. **STATEMENT OF FACTS**

Plaintiff, an African-American gentleman, has filed a two count lawsuit against his former employer, LCPS, asserting that he was discriminated against on the basis of race. (Compl. ¶¶ 1, 4, 28, 29). In particular, plaintiff asserts that he was subjected to a hostile work environment and retaliated against when he made claims of racial discrimination. (Compl. ¶¶ 28-29).

In support of his claims, the plaintiff identifies the following actions allegedly undertaken by LCPS: (1) Assistant Principal Hayden ("Hayden") verbally allowed plaintiff to change his work hours and then reprimanded him on August 26, 2014 for doing so (Compl. ¶¶ 6-7); (2) Hayden informed plaintiff that another employee detected the smell of marijuana on plaintiff, but plaintiff does not use drugs (Compl. ¶¶ 8-11); (3) on November 7, 2014, Hayden reprimanded plaintiff for excessive use of absences on Fridays, even after plaintiff showed Hayden timecards which refuted the claim by Hayden (Compl. ¶¶ 12-13); (4) from September of 2014 to March, 2015, a poster was

1

displayed in the teacher lounge which contained a reference to "Nigglywiggly," the paper which comes out of the top of a Hershey's kiss, but plaintiff found it to be an offensive racial term (Compl. ¶¶ 16-18);[1] and (5) on May 1, 2015, plaintiff was informed he would not be reappointed for the following school year (Compl. ¶ 22).

LCPS moves to dismiss plaintiff's claims on the grounds that the he has failed to state claims for which relief can be granted. In support of the Motion to Dismiss, LCPS argues as follows:

## II. LAW AND ARGUMENT

### A. Standard of Review

The court, "in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff." *De Sole v. United States*, 947 F. 2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F. 3d 250, 255 (4th Cir. 2009). Pursuant to the standard established by *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face." Id. Facts that are merely consistent with a defendant's liability are insufficient to state a plausible claim. *Id.*

### B. Plaintiff fails to state a claim under Title VII for discrimination.

Plaintiff's Complaint asserts discrimination "because of his race and/or because of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e

---

[1] Note that although plaintiff asserts the poster was on display for seven (7) months and he found it racially offensive, plaintiff does not assert that he ever raised a concern about the poster to LCPS. Rather, after the poster was removed, the plaintiff alleges that he thanked Principal Colleen O'Neill for removing the poster. (Compl. ¶ 17).

2

et seq." (Compl. ¶ 1). Plaintiff also expressly asserts that he was subjected to a hostile work environment because of his race. (Compl. ¶ 28). For the reasons that follow, plaintiff has failed to state a claim for discrimination, hostile work environment or retaliation under Title VII.

**1.     Plaintiff has not pled sufficient facts to state a claim of discrimination.**

In order to establish a prima facie case of discrimination under Title VII, plaintiff must plead sufficient facts to show that discrimination on the basis of race "motivated the employer's adverse employment decision." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F. 3d 277, 284 (4th Cir. 2004). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F. 3d 187, 190 (4th Cir. 2010). Plaintiff has failed to allege facts supporting his argument that race motivated his employer's decisions not to reappoint him, and, specifically, has failed to plead facts regarding the second and fourth elements of this claim.

Plaintiff has pled no facts to establish that any of the actions taken in regard to his employment were based on race. Rather, all that is alleged is that plaintiff is African American and that those who reprimanded or complained about plaintiff were white. Such sparse statements, which contain no racially derogatory or discriminatory content, cannot form the basis for a Title VII action against LCPS.

Regarding the elements of a race discrimination claim in particular, plaintiff fails to allege sufficient facts as to the second element: that he was performing his duties at a level that met his employer's legitimate expectations at the time of any adverse employment action. In fact, plaintiff pleads to the contrary as LCPS had disciplined plaintiff a number of times prior to advising him

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

that he would not be reappointed. (Compl. ¶¶ 7, 12). The failure to assert that he had satisfactory job performance and to back up the assertion with facts is fatal to plaintiff's claim of discrimination. *See Kidd v. TA Operating, LLC*, Case No. 3:10-CV-69, 2010 U.S. Dist. LEXIS 25659, *9 (E.D. Va. Mar. 18) (Hudson, J.) (dismissing complaint due, in part, to plaintiff's failure to allege "any facts to support his legal conclusion[] . . . that he performed his job satisfactorily"), *aff'd* 398 Fed. App'x 901 (4th Cir. 2010); *Bogan v. Roomstore, Inc.*, Case No. 3:09-CV-705, 2010 U.S. Dist. LEXIS 7505, *6 (E.D. Va. Jan. 29, 2010) (Hudson, J.) (dismissing complaint for failure to plead facts "to support that he has satisfactory job performance").

Further, plaintiff has not pled that he was treated differently than similarly situated employees outside of a protected class. "In order to be considered similarly situated, employees must be similarly situated in all relevant aspects. The employees must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Monk v. Potter*, 723 F. Supp. 2d 860 (E.D. Va. 2010); *see also Richardson v. Safeway, Inc.*, No. 1:12-cv-151, 2012 U.S. Dist. Lexis 178848, *11 (E.D. Va. Dec. 18, 2012) (Trenga, J.). While plaintiff makes reference to white co-employees in the Complaint, plaintiff does not identify any of them as being similarly situated to him. There are not even any conclusory allegations to suggest that plaintiff is similarly situated to anyone mentioned in the Complaint. Instead, without any factual support at all, plaintiff simply jumps to the conclusion that LCPS must have decided not to reappoint plaintiff because of his race. This is far from sufficient to state a claim of discrimination in violation of Title VII.

## 2. Plaintiff has not pled sufficient facts to support a claim of hostile work environment.

"To proceed on a Title VII hostile work environment claim, 'a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of [his race], (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). "Establishing the third element requires that the plaintiff show that the work environment was not only subjectively hostile, but also objectively so. Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

Given the importance of the severity element, the plaintiff's allegations must constitute more than "mere trivial harms." *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (U.S. 2006). "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not" give rise to a hostile environment claim. *Id.* Nor will "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, [protected class]-related jokes, and occasional teasing." *Id.; Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"). Further, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Richardson v. Safeway, Inc.*, 2012 U.S. Dist. LEXIS 178848, 2012 WL 6607028 (E.D. Va. Dec. 18, 2012) at *16, quoting *Peary v. Goss*, 365 F. Supp. 2d 713, 728 (E.D. Va. 2005). "In fact, courts generally require that the offensive conduct occur on a nearly constant basis." *Id.* (internal quotation marks and citations omitted).

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

This high standard for proving a hostile work environment is intentionally set in order to "filter out complaints attacking the ordinary tribulations of the workplace." *Middlebrooks v. Winter*, No. WGC-05-3209, 2008 U.S. Dist. LEXIS 123312, at *87-88 (D. Md. Mar. 19, 2008) (quoting Faragher, 524 U.S. at 788 (internal citations omitted)). As the Fourth Circuit Court of Appeals wrote in *EEOC v. Sunbelt Rentals, Inc.*, Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life. Thus, complaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-316 (4th Cir. 2008) (internal citations, alterations, and quotation marks omitted).

In applying this high standard, this court has refused to find a hostile work environment in situations far more egregious that the plaintiff alleges in the Complaint. See, for example, the case of *Conyers v. Va. Hous. Dev. Auth.*, Civil Action No. 3:12CV458-JRS, 2012 U.S. Dist. LEXIS 134908 (E.D. Va. Sept. 19, 2012). There, Honorable Judge Hudson considered the plaintiff's claims that she had been discriminated against on the basis of sex (female) and race (black) during her employment with the Virginia Housing and Development Authority ("VHDA"). On the VHDA's motion to dismiss, the court held that the plaintiff's factual allegations as to employment discrimination (i.e., that she was denied opportunities given to white male coworkers and that she was disciplined and ultimately terminated though white male coworkers who performed more poorly were not disciplined or terminated) were sufficient. Id. at *12. However, the court held that the plaintiff failed to state a claim for hostile work environment. The court wrote, "Although Plaintiff claims that McBride physically pinned her to her desk, and generally that he yelled at her,

'badgered,' and treated her disrespectfully, these facts do not establish that Defendants' conduct was sufficiently severe or pervasive to alter the terms of her employment. Accordingly, Plaintiff has failed to state a plausible hostile work environment claim." Id. at *18-19.

Similarly, in *Richardson, supra,* Honorable Judge Trenga held that isolated racial remarks, referring to African Americans as "you people" and rude treatment of several black employees constituted "episodic, isolated remarks that have been found insufficient to support a claim for hostile work environment." 2012 U.S. Dist. LEXIS 178848, at *17. Likewise in *Spruill v. Kip Killmon's Tysons Ford, Inc.,* Honorable Judge Trenga held that statements to an African American employee from his supervisor and a coworker that he looked like a thug and would look good in dreadlocks; that "I don't deal with your people" and used phrases like "homie hat" and "hip hop style"; and asked the plaintiff "to buy him some marijuana from the "hood" were "episodic, occurred in isolation over an 11-month period, and are not the type of race-based slurs considered sufficiently severe, in isolation, to support a claim for hostile work environment." No. 1:12-cv-806, 2012 U.S. Dist. LEXIS 146180, *9-11 (E.D. Va. Oct. 10, 2012).

Here, plaintiff makes no allegations which even border on establishing a claim for hostile work environment. In the first instance, with the exception of the "Nigglywiggly" poster, which is addressed below, one cannot possibly draw the conclusion that any of the reported disciplinary action by LCPS was racially motivated. Not a single fact is alleged which could lead to such a conclusion.

As it pertains to the "Nigglywiggly" poster, there is nothing racially discriminatory about the poster. Rather, it states "WTF fun fact #25 'Nigglywiggly' is the actual name of the little paper flag thingy sticking out of the top of the Hershey's kisses." That poster reportedly hung in the teacher's lounge for seven months. During that time, plaintiff does not assert that he found the

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

poster offensive or attributed some different meaning to the term "Nigglywiggly" other than what the poster expressed. Rather, it was not until after the poster was removed that plaintiff expressed his satisfaction that it was no longer hanging in the teacher lounge. It is impossible to draw the conclusion that the poster created a hostile work environment for the plaintiff when he does not even assert mentioning it until after it was removed.

Further, even assuming the poster bothered plaintiff, the existence of that poster cannot be deemed to be sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment (the third element). "Establishing the third element requires that the plaintiff show that the work environment was not only subjectively hostile, but also objectively so. Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Bonds v. Lea*vitt, 629 F.3d 369, 385 (4th Cir. 2011). No facts are pled to establish how frequently plaintiff observed the poster in question. In addition, it is unreasonable to conclude that the existence of that poster alone amounted to severe discrimination against the plaintiff based on race. The poster – on its face – is speaking about a Hershey's kiss and explaining what Hershey named the paper flag which comes out the top. An objective observer would not draw the conclusion that, in reality, the poster was referring to a flaccid black man's penis, as alleged by plaintiff. (Compl. ¶ 18). Had plaintiff sincerely believed the poster was making such a reference and been offended by it, believing it to be a racial slur, surely he would have taken some action in the seven months the poster allegedly hung in the teacher's lounge. The fact that he did not cuts against the claim that the poster created a hostile work environment.

8

BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

The existence of the poster also was not physically threating or humiliating to plaintiff, nor does he assert so. There is no allegation of emotional trauma or harm resulting from the poster. Plaintiff also does not assert any facts which suggest that the poster actually unreasonably interfered with his ability to do his job.

In summary, plaintiff has failed to set forth facts which establish a claim for hostile work environment on the basis of race, in violation of Title VII, and his claim should be dismissed.

### 3. Plaintiff has not pled sufficient facts to support his claim of retaliation.

"The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). To satisfy the last element (causation), a plaintiff must plead facts that the employer took the adverse employment action because the plaintiff engaged in a protected activity. "A prima facie causal connection is either direct evidence that the adverse employment action would not have happened, but for the prior protected activity, or circumstantial evidence showing that defendant had knowledge of the protected activity and that the temporal proximity between the employer's knowledge of protected activity and the adverse action was very close. *Nasis-Parsons v. Wynne*, Case No. 4:05-cv-36, 2006 U.S. Dist. LEXIS 35325, *9-10 (E.D. Va. June 1, 2006) (Morgan, J.) (internal quotation marks, brackets and citations omitted), aff'd by 221 Fed. App'x 197 (4th Cir. 2007) (decided in light of *White* decision).

In this case, plaintiff suggests that the decision not to reappoint him was retaliatory. The only purported "protected activity" which plaintiff suggests that he engaged in and for which a retaliation claim would potentially lie is reporting, after removal of the "Nigglywiggly" poster, that he was glad it was removed because he found it racially offensive. There are no facts asserted

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

which causally link plaintiff's purported comment about the poster to the decision by LCPS to not offer him a new contract. Although plaintiff draws that conclusion, the facts alleged are not sufficient to allow that conclusion to be drawn. In fact, it is non-sensical to conclude that praising one's employer for an act of removing an allegedly offensive poster would then cause the employer to retaliate and not offer continued employment to the one offering praise. Simply stated, the Complaint is devoid of facts to support a claim of retaliation, and the claim should be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, and for any additional reasons to be argued at hearing of this matter, Loudoun County Public Schools, by counsel, respectfully requests that this court sustain its Motion to Dismiss the claims set forth in the plaintiff's Complaint and dismiss this case with prejudice.

**LOUDOUN COUNTY PUBLIC SCHOOLS**
By Counsel

_____/s/_____
Heather K. Bardot
VSB No. 37269
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
hbardot@bmhjlaw.com
*Counsel for Defendant*

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2017, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Jeremy Calvin Huang, Esquire
> Woehrle Dahllberg Jones Yao, PLLC
> 10615 Judicial Drive, Suite 102
> Fairfax, Virginia 22030
> Counsel for Plaintiff
> Jeremy@huanglawoffice.com

> _____/s/_____
> Heather K. Bardot
> VSB No. 37269
> BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
> 3920 University Drive
> Fairfax, Virginia 22030
> (703) 385-1000 (telephone)
> (703) 385-1555 (facsimile)
> Hbardot@bmhjlaw.com
> *Counsel for Defendant*

11

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555