IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTHONY J. ROBINSON, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> LOUDOUN COUNTY PUBLIC SCHOOLS, ) <br> ) <br> *Defendant.* ) <br> ) | Civil Action No. 1:16-cv-1604 <br> Hon. Liam O'Grady <br> Hon. Theresa Buchanan |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment. Dkt. 34. The motion is fully briefed and the Court dispensed with oral arguments. For the reasons stated below and for good cause shown, summary judgment for the Defendant is **GRANTED**.

### I. Background

Plaintiff Anthony Robinson filed this lawsuit against his former employer, Defendant Loudoun County Public Schools, alleging that he was terminated in retaliation for a complaint of racial discrimination. Specifically, he claims that in March 2015 he e-mailed Sully Elementary School principal Colleen O'Neill to thank her for removing a poster from the teachers' lounge that Plaintiff found offensive[1] and to suggest diversity training. On April 6, 2015, Sully's assistant principal Mark Hayden, Plaintiff's immediate supervisor, conducted a routine performance evaluation of Plaintiff, found his performance to be deficient, and recommended Plaintiff's contract not be renewed for the next school year. Now that discovery is complete, Defendant has moved for summary judgment.

---

[1] The poster stated that "nigglywiggly" is the official name for the paper flag in a Hershey's Kiss.

## II. Legal Standard

Summary judgment will be granted where, viewing the facts in a light most favorable to the non-moving party, there remains no genuine issue of material fact. FED. R. CIV. PRO. 56(c); *Marlow v. Chesterfield Cty. Sch. Bd..* 749 F. Supp. 2d 417, 426 (E.D. Va. 2010). A party opposing a motion for summary judgment must respond with specific facts, supported by proper documentary evidence, showing that a genuine dispute of material fact exists and that summary judgment should not be granted in favor of the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Conclusory assertions of state of mind or motivation are insufficient. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988). As the Supreme Court has held, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247-248 (1986)) (emphasis in original).

## II. Undisputed Material Facts

For purposes of the summary judgment motion, Defendant has listed 82 undisputed material facts. Dkt. 35. In his opposition to the motion, Plaintiff has denied 51 of those facts. However, he has only cited to the record in support of six of those denials. Accordingly, under Local Rule 56 and FED. R. CIV. P. 56(c), the other 45 denied facts are deemed admitted for purposes of this motion and Defendant's list of undisputed material facts is incorporated here with the exceptions of facts 11, 17, 18, 20, 65, and 69.[2] As to those six facts, they are

---

[2] Plaintiff, after this motion was fully briefed and without leave of Court, filed an amended response that included additional citations almost exclusively to Mr. Robinson's own deposition. Dkt. 40. The Court carefully reviewed the amended disputed facts. Finding that the additional citations to Mr. Robinson's own statements do not create genuine issues of material fact, the Court strikes the amended response as untimely and filed without leave.

2

insufficiently disputed by the record to which Plaintiff cites and are deemed admitted for the reasons that follow.

As to undisputed material fact 11, the fact that Mr. Robinson obtained a negative drug screen the day following the events described in undisputed material fact 11 does not refute the sworn statements from three teachers that they "noticed that Robinson's eyes were red and glossy and they also smelled a strong odor of what may have been marijuana as he walked by." The asserted facts are not mutually exclusive and can both be deemed true for purposes of this motion.

As to undisputed material fact 17, which asserts that Plaintiff had failed to work a full shift on occasions, Plaintiff cites to his significant accrued leave to deny that there were discrepancies on his timecard. Accrued leave has no bearing on whether he was accurately reporting his time. There is no evidence before the Court that Plaintiff properly utilized his leave on the days he failed to work a full shift. Accordingly, undisputed material fact 17 is deemed admitted.

As to undisputed material fact 18 asserting that Plaintiff took three Fridays in a row off requiring his supervisor, Mr. Hayden, to address the issue, Plaintiff claims, without evidence, that his timecard has been altered, that he worked either one of the Fridays Defendant claims he did not work, and he had a doctor's note justifying his sick leave for one of the Fridays.[3] Plaintiff cites for his Exhibit 5-1 as evidence that his timecard was altered. No such exhibit exists in the record. Plaintiff's Exhibit E is the evaluations procedure manual for Loudoun County Public Schools. Plaintiff cites to his Exhibit C, pay stubs, as evidence that he took one day of annual leave and one day of sick leave in October and November 2014. The documents do not evidence this. From the October 15, 2014 pay stub to the November 14, 2014 pay stub, Plaintiff's annual

---

[3] The record does not contain the doctor's note.

leave balance moves from 337.89 to 329.14 and his sick leave balance moves from 112 to 96. The sum reduction in leave totals for the period is 24.75 hours – over three days.[4] Thus, Plaintiff's Exhibit C fails to refute Defendant's assertion that Plaintiff took three Fridays off in a row during that timeframe, requiring disciplinary action.

For these same reasons, Plaintiff has failed to refute undisputed material fact 20, which asserts that Plaintiff admits to taking three Fridays in a row off. This fact is plainly evidenced by Plaintiff's own statements in his deposition that he took off Friday, October 24, 2014, Friday, October 31, 2014, and Friday, November 7, 2014. *See* Dkt. 35, Exh. 1, pp. 48-49, 132.

Undisputed material fact 65 asserts that persons outside the school complained about Plaintiff, specifically Jeannie Kimble, a representative for a local basketball league, who complained to school officials that Plaintiff refused to allow the league and fans inside the building for a Saturday basketball game. Defendant evidences this assertion with the deposition of Jennie Kimble in which she testifies to two occasions when the regular method for accessing the school on a Saturday failed and Plaintiff refused to assist the league. Plaintiff asserts that he was specifically told by his supervisor to not unlock the exterior door because the league had an entry card and cites to two text messages. The first of these text messages does not contain a readable date and time stamp, nor does it reflect sender and receiver of the text message. Even assuming for purposes of this motion that the sender was Mr. Hayden and the receiver was Plaintiff, the text message fails to refute the assertion that plaintiff failed to assist the league when the regular method for accessing the school failed.

Finally, undisputed material fact 69 asserts that on April 6, 2016, Mr. Hayden evaluated Plaintiff's work performance and found that he "needs improvement" in the area of job knowledge and had unsatisfactory ratings for quality of work, completion of assigned tasks,

---

[4] Assuming for purposes of this motion that no annual or sick leave accrued during the same periods.

4

flexibility/adaptability, management, responsibility towards safety, attitude/work habits, and interpersonal relationships and judgment. Defendant cites to Mr. Hayden's sworn statement and the actual evaluation form reflecting those findings. Dkt. 35, Ex. 5-11. Plaintiff attempts to refute this assertion by citing to Loudoun County's procedure manual for evaluations and claiming multiple defects in the evaluation, including a failure to inform Plaintiff in writing of his performance problem, a failure to fully explain the job requirements, and a failure to implement a corrective action plan. However, there is nothing inconsistent about the procedure dictated by the manual and the steps Mr. Hayden took in completing the evaluation. Notably, Plaintiff fails to dispute the material aspects of undisputed material fact 69 – that there were substantial grounds for Plaintiff's contract non-renewal that had no relation to retaliation for protected activity.

As Plaintiff has failed to produce any evidence for the Court which materially refutes any of the six undisputed material facts asserted by Defendant, those facts remain undisputed for purposes of this summary judgment motion. Accordingly, there are no material issues of disputed fact.

### IV. Discussion

To defeat summary judgment on the retaliation claim at issue in this case, Plaintiff bears the initial burden of proving a prima facie case of discrimination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-177 (2009). Plaintiff can meet this burden through direct evidence of discriminatory intent or through the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th Cir. 1998). The framework, as applied to retaliation cases, has a three-part test. *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001) (abrogated on other grounds by *Burlington*

*Northern v. White*, 548 U.S. 53 (2006)). To establish a retaliation case, the plaintiff must show 1) that he engaged in protected activity; 2) that the defendant took an adverse employment action against him; and 3) that a causal connection exists between the protected activity and that adverse action. *Id.*

Establishing this prima facie case shifts the burden to the defendant to prove a non-retaliatory reason for the adverse action. *Karpel*, 134 F.3d at 1228. If the defendant satisfies its burden, the plaintiff may still prevail if the plaintiff can demonstrate that the established non-discriminatory reason was merely pretextual. *Id.* To demonstrate pretext, the plaintiff must show "both that the reason was false and that [retaliation] was the real reason" for the adverse action. *See Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 377-78 (4th Cir. 1995).

Defendant argues it is entitled to summary judgment under this framework because Plaintiff cannot 1) demonstrate that the negative review resulting in his contract non-renewal was an adverse employment action; 2) demonstrate that Mr. Hayden was aware of Plaintiff's protected activity at the time Mr. Hayden completed the evaluation and decided to terminate Plaintiff; 3) rebut Defendant's extensive list of legitimate, non-retaliatory reasons for the contract non-renewal.

Plaintiff, in opposition, argues he has made out a prima facie case for retaliation and can demonstrate that Defendant's stated reasons for non-renewal of Plaintiff's contract are pretext. As to the prima facie case, Plaintiff argues that this Court's denial of Defendant's motion to dismiss settled that issue by finding that the contract non-renewal was an adverse action and that the temporal proximity between his complaint and his contract non-renewal allowed an inference of causation. As to pretext, Plaintiff asserts he has demonstrated that the stated reasons for his contract non-renewal are pretextual because the evaluation justifying his contract non-renewal

was procedurally faulty and untruthful. Additionally, Plaintiff contends that even if all the reasons Defendant advances for contract non-renewal are true, Defendant tolerated those problems up until Plaintiff complained about the poster.

Defendant is entitled to summary judgment because Plaintiff cannot muster a prima facie case of retaliation and cannot demonstrate that Defendant's stated reasons for non-renewal of Plaintiff's employment contract were pretext for illegal retaliation. As to the elements of the prima facie case, Plaintiff can establish that he engaged in a protected activity and that he suffered an adverse personnel action, but cannot establish that the two are causally related. Plaintiff engaged in protected activity by expressing to a supervisor in his chain of command that he was offended by a poster that he perceived, rightly or wrongly, to be racially insensitive. Plainly, contrary to Defendant's argument, non-renewal of a contract is an adverse personnel action as it is nearly identical to termination. However, Plaintiff cannot demonstrate a causal relationship between the two.

Plaintiff's reliance on this Court's decision at the motion to dismiss stage is woefully misplaced. At that stage, the Court was bound to accept all factual allegations in Plaintiff's complaint as true and resolve inferences in his favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). At the summary judgment stage, Plaintiff is not so entitled. At this stage, Plaintiff must come forward with admissible evidence and he has failed to do so. Plaintiff simply cannot demonstrate that his contract was not renewed because of his protected activity. Importantly, the record before the Court is clear and unrefuted that at the time Mr. Hayden completed Plaintiff's April 2015 evaluation he was unaware of Plaintiff's protected activity.[5] Accordingly, the protected activity could not be the cause of termination. *See Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 2002) ("[B]y definition, an employer cannot

---

[5] Even considering the struck amended response brief.

take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case").

Even if Plaintiff had established a prima facie case for retaliation, he cannot rebut Defendant's extensive reasons for declining to renew Plaintiff's contract. Plaintiff contends that Mr. Hayden's April 2015 evaluation was procedurally faulty. Selective, erratic, or case-by-case application of procedures can suggest pretext. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 297-99 (4th Cir. 2010). However, as noted above in the discussion of undisputed issues of material fact, Plaintiff is unable to demonstrate that the procedures were so improperly applied and indeed, the undisputed material facts contain numerous instances of Plaintiff being counseled about his conduct.

Plaintiff's argument that Defendant's tolerance of Plaintiff's misconduct prior to the protected activity suggests pretext is similarly unavailing. It is true that tolerance of an employee's performance deficits until an employee engages in protected activity can demonstrate pretext. *See Mohammed v. Central Driving Mini Storage, Inc.*, 128 F.Supp.3d 932, 955-56 (E.D.Va. 2015) (finding that a plaintiff had demonstrated pretext where the first documented negative performance feedback "suspiciously" came two days after the plaintiff engaged in protected activity). There is no such suspicious conduct here. As noted above, the record reflects regular counseling of Plaintiff for his performance deficiencies prior to his protected activity. Timing of the contract non-renewal, two months after Plaintiff engaged in his protected activity, is not suspiciously close in time to that activity but is conspicuously close in time to the end of the school year.

## IV. Conclusion

Because Plaintiff is unable to demonstrate that non-renewal of his contract was caused by his protected activity and because Plaintiff has no evidence that Defendant's stated lawful reasons for that adverse action were pretext for retaliation, the Courts **GRANTS** Defendant's Motion for Summary Judgment.

March 9, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge